UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | | |
|---|---|---|---|
| WILLIE BODDIE, | ) | | |
| | ) | | |
| Movant. | ) | | |
| | ) | | |
| vs. | ) | No. | IP 98-38-CR-02 |
| | ) | | 1:07-cv-1129-DFH-JMS |
| UNITED STATES OF AMERICA, | ) | | |

# E N T R Y

This action is before the court on the movant's motion to alter or amend judgment, which is directed to the dismissal of this action on September 17, 2007. The action was dismissed because it was an unauthorized second or successive action pursuant to 28 U.S.C. § 2255.

All motions that substantively challenge the judgment filed within 10 business days of the entry of judgment will be treated as based on Rule 59, "no matter what nomenclature the movant employs." *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin,* 957 F.2d 515, 517 (7th Cir. 1992). The movant's motion for reconsideration is therefore properly labeled as a motion to alter or amend judgment.

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

There was in this case no manifest error of law or fact. The court did not misapprehend the movant's claims, nor did it misapply the law to those claims in light of the underlying record and the applicable law. The movant's statement that his challenge to his sentence or conviction was not properly treated as a motion pursuant to 28 U.S.C. § 2255, is untenable in view of the relief he sought and the court in which he chose to file the case. The movant challenged the court's jurisdiction over the criminal action docketed as No. IP 98-38-CR-02. The relief he sought was also quite clear, this relief having consisted of a request that the court set aside the judgment. This is quintessentially a claim seeking relief within the scope of § 2255 and was therefore properly treated as such a claim. *Ellzey v. United States,* 324 F.3d 521, 524 (7th Cir. 2003). Accordingly, the motion to alter or amend judgment is **denied.**

So ordered.

_____
DAVID F. HAMILTON, Judge
United States District Court

Date: October 9, 2007

Distribution:

Willie Boddie
Reg. No. 40001-037
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

Office of the United States Attorney
10 West Market Street    Suite 2100
Indianapolis, IN   46204-3048